IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA

                Plaintiff,

    vs.

LARRY ALAN LARSEN

                Defendant.

Case No. 6:15-cr-00344-AA-1
6:15-cr-00345-AA-2
6:15-cr-00346-AA-2
**OPINION AND ORDER**

AIKEN, District Judge:

       Before the Court is defendant Larry Alan Larsen's Renewed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release). Doc. 61.[1] In 2017, the Court sentenced defendant to 108 months' imprisonment and 3 years' supervised release after his guilty plea to three federal charges of conspiring to steal federal property and being a felon in possession of a firearm. He is currently serving

---

[1] All record citations in this Opinion are to the docket in Case No. 6:15-cr-00344-AA-1.

his sentence at Federal Correctional Institution ("FCI") Sheridan and his projected release date is May 18, 2023.

On July 21, 2021, defendant filed a Motion for Compassionate Release. The Court denied the motion without prejudice and with leave to renew if defendant's circumstances changed. On September 3, 2021, defendant renewed his motion, contending that his circumstances had changed enough to warrant compassionate release. In his renewed motion, defendant asks the Court to reduce his sentence to time served or, in the alternative, to 100 months. For the reasons that follow, this motion is DENIED.

## STANDARDS

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]xtraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam) ("[A]lthough a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."). The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. On a defendant's direct motion for compassionate release, the policy

statement "may inform a district court's discretion . . . but [it is] not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Defendant's renewed motion presents three grounds that he contends present extraordinary and compelling reasons for release. First, defendant asserts that his health conditions, including obesity and a positive COVID-19 test on September 3, 2021, put him at greater risk of severe illness from COVID-19. Defendant also claims to have hypertension, but the most recent medical records before the Court show his blood pressure as 127/78 and note that this would only place him at risk of developing hypertension. Defendant is fully vaccinated against COVID-19, significantly decreasing his chance of developing severe illness from the disease and defendant's recorded vitals during quarantine suggest that his symptoms have been relatively mild. These factors do not present extraordinary and compelling reasons necessary to grant a Motion for Compassionate Release.

Next, defendant details the harsh conditions at FCI Sheridan. While the conditions alleged by the defendant–long periods of isolated confinement, medical and other neglect by staff, and a brutal quarantine area–are certainly not something the Court could have contemplated at sentencing, they do not, on their own or in combination with defendant's current health status, satisfy the extraordinary and compelling reasons requirement for compassionate release. *See United States v.*

*Barber*, 466 F.Supp.3d 1127, 1131-32 (D.OR. 2020) (Defendant's showing of his particular vulnerability to severe COVID warranted compassionate release); *United States v. Larsen*, Case No. 6:15-CR-00344-AA-1, *3 (D.Or. 2021) ("defendant's arguments [concerning harsh lockdown conditions] are more appropriately addressed under considerations of applicable sentencing factors under § 3553(a), which this Court need not reach absent a finding of extraordinary and compelling reasons.").

Defendant also points to his lack of rehabilitative programming due to the long periods of confinement and other precautions taken in the face of the COVID-19 pandemic. In particular, defendant wishes to transfer to the Northwest Regional Re-entry Center ("NWRRC") at the earliest possible time so he may participate in drug treatment. BOP's current policy is that an incarcerated individual is not eligible for transfer to a re-entry facility until that individual has no more than 19 months left on their sentence. Under this policy, defendant has less than seven months before he will be within the nineteen-month eligibility window for transfer to NWRRC. The short time before defendant's eligibility for transfer to NWRRC and the generalized nature of the conditions at FCI Sheridan lead this Court to conclude that defendant has not presented extraordinary and compelling reasons for compassionate release at this time.

## CONCLUSION

The Court finds that defendant has failed to show extraordinary and compelling reasons to warrant a reduction of his sentence under 18 U.S.C. §

Page 4 – OPINION AND ORDER

3582(c)(1)(A)(i). Defendant's Renewed Motion (Doc. 61) is therefore DENIED without prejudice to its renewal, especially if defendant's health changes.

IT IS SO ORDERED.

Dated this _18th_ day of October 2021.


_____/s/Ann Aiken_____

Ann Aiken
United States District Judge